UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK T. ESPER <br> c/o Mark S. Zaid, P.C. <br> 1250 Connecticut Avenue, N.W. <br> Suite 700 <br> Washington, D.C. 20036 <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF DEFENSE <br> Washington, D.C. 20301 <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action No: 21-_____ <br> * <br> * <br> * <br> * <br> * |

* * * * * * * * * * * *

## COMPLAINT

Plaintiff Mark T. Esper, who served as the Twenty-Seventh Secretary of Defense, brings this action against Defendant Department of Defense for injunctive and declaratory relief pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the All Writs Act, 28 U.S.C. § 1651, and the First Amendment to the Constitution of the United States.

Defendant DoD has unlawfully imposed a prior restraint upon Mr. Esper by delaying, obstructing and infringing on his constitutional right to publish his unclassified manuscript entitled "*A Sacred Oath*" ("Manuscript"), which is scheduled to be published by William Morrow, an imprint of HarperCollins.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate in this District under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Mark T. Esper ("Secretary Esper") served as the Twenty-Seventh U.S. Secretary of Defense from July 2019 to November 2020. He previously served as the Twenty-Third Secretary of the Army from November 2017 to July 2019. Secretary Esper graduated from West Point in 1986 and saw combat during the first Gulf War as an infantry officer with the 101st Airborne Division. He subsequently served in 3-325 ABCT in Europe, the Army Reserve and the Army National Guard. After leaving active military service, he served at The Heritage Foundation, on Capitol Hill, at the Pentagon as a Deputy Assistant Secretary of Defense, as Executive Vice-President for the Aerospace Industries Association, and at the U.S. Chamber of Commerce. Immediately before joining the Trump Administration, Secretary Esper worked as a senior corporate executive at the Raytheon Company. He received a master's degree in Public Administration from the John F. Kennedy School of Government at Harvard in 1995, and a doctorate in public policy from George Washington University in 2008. He continues to hold access eligibility to classified information and is required by virtue of one or more secrecy agreements that he executed to submit his writings for prepublication review.[1]

4. Defendant Department of Defense ("DoD") is an agency of the United States as defined by 5 U.S.C. § 701 and subject to the jurisdiction of this Court. DoD's actions

---

[1] This Complaint was drafted entirely by legal counsel who is not subject at this time in this specific case to any prepublication review requirement, nor was any classified information relied upon or reviewed.

have unreasonably delayed and prevented Secretary Esper from publishing his intended Manuscript.

**FACTS**

5. On or about May 24, 2021, Secretary Esper submitted his Manuscript to Defendant DoD's Office of Pre-publication and Security Review ("OPSR"), and receipt was acknowledged the same day. Although Secretary Esper is challenging the actions and classification decisions of DoD, throughout this review process the staff of DoDOPSR have been nothing but professional and cooperative and their involvement has been appreciated.

6. "*A Sacred Oath*", which was originally submitted to DoD with the draft working title "*Last Line of Defense*", is a memoir of Secretary Esper's time in office from November 2017, when he was sworn in as Secretary of the Army, through his tenure as Secretary of Defense until November 2020. As Defense Secretary for nearly eighteen months, he led DoD through an unprecedented time of civil unrest, public health crises, growing threats abroad, Pentagon transformation, and a White House seemingly bent on circumventing the Constitution. *A Sacred Oath* is Secretary Esper's unvarnished and candid memoir of those remarkable and dangerous times. The Manuscript is scheduled for publication in May 2022, and copies can be pre-ordered on Amazon.com at *https://rb.gy/qdtp1y*.

7. Following submission, over the next nearly six months, Secretary Esper engaged in extensive interactions and coordination with DoDOPSR staff regarding the review of his Manuscript. He stayed in regular contact to ensure a timely review was occurring and requested specific deadlines for the process to be completed in order to make publication

deadlines, but the review continued to drag on. Upon information and belief, the length of time Defendant DoD was taking to review and approve Secretary Esper's manuscript was unusual for a former Secretary of Defense.

8. On October 7, 2021, a DoDOPSR staff member e-mailed Secretary Esper that

> your manuscript review is complete and your manuscript has been "Cleared As Amended". I attach your "cleared as amended" letter and a copy of the pages requiring amendment. Originally we hoped to send you the entire manuscript with the amended pages in context, but that file was too big, and so we send here just the amended pages, with the stamped Title page as your receipt. I attach a colored version that shows recommended text; I will forward separately a black and white version that may provide more contrast and may be easier to read and work with.

9. Between October 7, 2021, and November 8, 2021, Secretary Esper engaged with DoD to understand the rationale behind their redactions, resolve issues, and to propose ways forward to ensure full approval of his Manuscript.

10. By letter dated November 8, 2021, Secretary Esper e-mailed current Secretary of Defense Lloyd Austin regarding his concerns surrounding the prepublication classification review process. He noted that "[w]hen I submitted the manuscript in May, I was confident that nothing in the document contains classified information or compromises national security. I still hold that view …. However, upon return of the document to me last month by DOPSR, multiple words, sentences, and paragraphs from approximately sixty pages of the manuscript were redacted. No written explanation was offered to justify the deletions. My follow-on conversations with the DOPSR official handling my case confirmed my assessment. He similarly has been unable to assert that the redacted items contain classified information or compromise national security." Secretary Esper further explained:

For example, some requested redactions asked me to not quote former President Trump and others in meetings, to not describe conversations between the former president and me, and to not use certain verbs or nouns when describing historical events. I was also asked to delete my views on the actions of other countries, on conversations I held with foreign officials, and regarding international events that have been widely reported. Many items were already in the public domain; some were even published by DOD. For me to redact or alter all of the items currently required by the DOPSR review not only grossly exceeds the purpose of the process, but doing so would be a serious injustice to important moments in history that the American people need to know and understand.

Just the same, I engaged in a good faith effort with DOPSR later in October 2021 to address the Defense Department's top issues of concern. As a result, I deleted some parts of my manuscript, made changes to others, and demonstrated that at least one top tier DOD concern was in the public space already. Further undermining the credibility of this process is the fact that the information struck from this last redaction was made public by DOD itself in January 2020, eleven months earlier.

I made other adjustments to the manuscript, but declined to make alterations that reflect my personal views and opinions, or that are important to the history of this tumultuous period, for example.

****

On Friday, November 5, I discussed the manuscript review with your chief of staff, Ms. Kelly Magsamen, and the DOD Director of Administration and Management, Mr. Mike Donley, to help further this process toward quick resolution. They proposed that I sit down with OSD Policy – the source for a majority of the redactions – to try and find compromise language. While I appreciate their efforts, I should not be required to change my views, opinions, or descriptions of events simply because they may be too candid at times for normal diplomatic protocol. After all, the DOPSR process is about protecting classified information and not harming national security -- two important standards to which I am fully committed. Moreover, my Constitutional rights should not be abridged because my story or choice of words may prompt uncomfortable discussions in foreign policy circles.

Rather, having addressed all but one of the department's top issues of concern, I shared with Magsamen and Donley my view that the manuscript be approved immediately as edited in prior discussions with DOPSR.

> As a second path forward, I formally requested on November 5 that all entities that reviewed my manuscript be given one week -- until November 12, 2020 -- to justify their redactions and edits. The reviewing entities should be required to provide any documentation (dated prior to May 23, 2020) that proves the specific parts of my manuscript they redacted are classified or would harm national security. Such a directive is within your authority to issue and require, as we both know.
>
> Should the decision be made to not require the provision of these justifications, or that none are received in time, then I can only conclude that my ongoing assessment – that nothing in my manuscript is classified or would compromise national security – remains true.

11. No response was ever received from Secretary Austin. But on November 12, 2021, a DoDOPSR staff member e-mailed Secretary Esper that the:

> second manuscript review is complete and your manuscript remains "Cleared as Amended". I attach your "cleared as amended" letter and a copy of the 39 pages requiring amendment. I attach here a colored version that shows recommended text; I will forward separately a black and white version that may provide more contrast and may be easier to read and work with. Be advised that this reconsideration, in the interest of a rapid response, did not include other agencies outside DoD.

12. During the time DoD was conducting its prepublication classification review, certain stories that Secretary Esper described in the Manuscript suddenly appeared in mainstream media articles. At least one story, which was more than a year old and known to only a small handful of senior DoD officials, had not previously been publicly discussed and the timing of the appearance appears suspicious. Upon information and belief, one or more DoD officials (or possibly those in other agencies who received the referral from DoD) involved with the prepublication review process leaked this information, possibly to undermine the impact it would have had were it to first appear in the published version of "*A Sacred Oath*".

13. Significant text is being improperly withheld from publication in Secretary Esper's Manuscript under the guise of classification. The withheld text is crucial to telling important stories discussed in the Manuscript.

14. Until such time as Secretary Esper receives final approval from Defendant DoD to publish all of the intended information within his Manuscript, he is restricted by his secrecy agreements from authorizing publication, lest he risk civil and criminal liability.

## FIRST CAUSE OF ACTION
### (FIRST AMENDMENT/DECLARATORY JUDGMENT - RIGHT TO PUBLISH - CLASSIFICATION CHALLENGE)

15. Secretary Esper repeats and realleges the allegations contained in paragraphs 5 through 14 above, inclusive.

16. Secretary Esper properly submitted, pursuant to one or more secrecy agreements, his Manuscript for prepublication review.

17. To the best of Secretary Esper's knowledge and understanding, the Manuscript does not contain any classified information.

18. Defendant DoD is legally prohibited from precluding Secretary Esper from publishing anything other than classified information and is responsible for addressing any classification actions imposed by other federal agencies.

19. Defendant DoD has failed to show that Secretary Esper's First Amendment rights to publish are outweighed by the government's interest in efficiently carrying out its mission by minimizing harms that are real, not merely conjecture.

20. Defendant DoD has failed to demonstrate the existence of substantial government interests that would enable it to prohibit the publication of unclassified information within Secretary Esper's Manuscript.

21. Defendant DoD's restrictions imposed upon Secretary Esper have been unduly vague and were not narrowly confined to avoid infringement of his First Amendment rights. It has unnecessarily restricted unclassified speech that does not serve to protect any substantial government interest.

22. Because Defendant DoD has impermissibly infringed upon Secretary Esper's right to publish unclassified information in his Manuscript it has violated his First Amendment rights.

23. Secretary Esper has suffered or may suffer actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, and/or lost or jeopardized present or future financial and employment opportunities.

## SECOND CAUSE OF ACTION
## (ADMINISTRATIVE PROCEDURE ACT – UNREASONABLE DELAY)

24. Secretary Esper repeats and realleges the allegations contained in paragraphs 5 through 14 above, inclusive.

25. Secretary Esper properly submitted his Manuscript to Defendant DoD for prepublication classification review in May 2021.

26. Defendant DoD is required to complete the prepublication classification review of submissions and justify any redactions within a reasonable period of time.

27. Defendant DoD has unreasonably delayed completing its final review of Secretary Esper's Manuscript, as well as arbitrarily and capriciously failed to cooperate with him to minimize/eliminate any already identified concerns.

28. By unreasonably delaying completion of its classification review and properly justifying its redactions, Defendant DoD has impermissibly infringed upon Secretary

Esper's right to publish the information contained within his Manuscript. Thus, Secretary Esper has suffered or may suffer actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, a delay in being able to timely on information of public interest, and/or lost or jeopardized present or future financial opportunities, which impairs his ability to serve the public.

### THIRD CAUSE OF ACTION
### (FIRST AMENDMENT/DECLARATORY JUDGMENT – LEGAL COUNSELS' ACCESS TO CLASSIFIED INFORMATION/UNREDACTED MANUSCRIPT)

29. Secretary Esper repeats and realleges the allegations contained in paragraphs 5 through 14 above, inclusive.

30. In order to be able to fully protect Secretary Esper's First Amendment rights his cleared legal counsel will require access to any alleged classified information Defendant DoD claims is contained within the Manuscript. Upon information and belief, the undersigned legal counsel holds a valid and current security clearance eligibility that would permit a review of the relevant information.

31. Secretary Esper has a First Amendment right to counsel and to present all arguments to the Court, *in camera* if appropriate and/or necessary, for its consideration, as well as to participate in any internal meetings with Defendant DoD to discuss any redactions. Secretary Esper's constitutional rights extend to counsel with the appropriate level of security clearance.

WHEREFORE, Plaintiff Mark T. Esper requests that the Court award him the following relief:

(1) Permanently enjoin Defendant DoD from restraining the publication of any portion of unclassified text within the Manuscript;

(2) Declare and find that the redacted text from the Manuscript is unclassified;

(3) Order Defendant DoD to permit Secretary Esper's cleared counsel to have proper access, subject to the execution of appropriate non-disclosure secrecy agreements if necessary, to any alleged classified information for purposes of litigating this action;

(4) Find and declare that Defendant DoD violated the Administrative Procedure Act and its internal regulations governing prepublication review;

(5) Award Secretary Esper the costs of the action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law; and,

(6) grant such other relief as the Court may deem just and proper.

Date:   November 28, 2021

                                              Respectfully submitted,

                                              /s/

                                              _____

Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Mark@MarkZaid.com

Attorney for Plaintiff