UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK T. ESPER | * |
| Plaintiff, | * |
| v. | * Civil Action No: 21-3119 (TFH) |
| DEPARTMENT OF DEFENSE | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXPEDITE FIRST AMENDMENT PROCEEDINGS

Plaintiff Mark T. Esper, a former Secretary of Defense, brought this lawsuit to protect his First Amendment rights and challenge the unconstitutional censorship by the Defendant Department of Defense of his protected speech. ECF Dkt. 1 (filed November 28, 2021). Because this matter involves sensitive First Amendment concerns, Secretary Esper respectfully requests that the Court expedite the proceedings.

It has long been well-settled by courts throughout the United States that expedited attention should be given to cases involving First Amendment interests. See e.g., Action for Children's Television v. FCC, 59 F.3d 1249, 1259 (D.C. Cir. 1995)(finding that "possibility that the agency's actions might similarly run afoul of the first amendment demands prompt judicial scrutiny") cert. denied, 116 S.Ct. 773 (1996); Bernard v. Gulf Oil Co., 619 F.2d 459, 470 (5th Cir. 1980), aff'd, 452 U.S. 89 (1981)("Fragile First Amendments rights are often lost or prejudiced by delay….Court have therefore been commendably willing to expedite proceedings involving First Amendment right."); National Student Ass'n v. Hershey, 412 F.2d 1103, 1115 (D.C. Cir. 1969)(recognizing "urgency of prompt protection for frail First Amendment interests"); Potwora v. Dillon, 386 F.2d 7, 76 (2d Cir. 1967)(hearing case on expedited basis

"[i]n light of plaintiffs' representation that the order deprived them of important First Amendment rights").

Indeed, the Supreme Court has held that there exists a "constitutional need to avoid 'undue delay result[ing] in the unconstitutional suppression of protected speech.'" City of Littleton v. Z. J. Gifts D-4, L.L.C, 541 U.S. 774, 782 (2004), quoting FW/PBS, Inc. v. Dallas, 493 U.S. 215, 228 (1990). See also Freedman v. State of Maryland, 380 U.S. 51, 59-60 (1965)(providing mechanism for prompt review is necessary to avoid offending constitutional protections); Collin v. Smith, 578 F.2d 1197, 1209 (7th Cir. 1978)("We have endeavored to expedite decision, because to delay the exercise of First Amendment rights in itself burdens them and may risk their destruction."); Quarter Action Group v. Hickel, 421 F.2d 1111, 1116 (D.C. Cir. 1969)(noting "any delay in the exercise of First Amendment rights constitutes an irreparable injury to those seeking such exercise") (citation omitted).

Notably, this Motion does not question the government's compelling interest to protect the secrecy of information that is important to national security. Snepp v. United States, 444 U.S. 507, 509 n.3 (1980). But the premise of this litigation is that the censored information is unclassified and therefore as a matter of law it is not important to national security. The expeditious review of the dispute will enable a timely determination to be made that would protect the interests of both parties.

Of course, this Court has the inherent authority to manage its docket. In re Islamic Republic of Iran Terrorism Litig., 659 F. Supp. 2d 31, 38 (D.D.C. 2009). Therefore, Secretary Esper

respectfully requests that this Court schedule a Status Conference at its earliest convenience to discuss proper next steps.[1]

Date: December 1, 2021

                                              Respectfully Submitted,

                                              _____/s/_____

Mark S. Zaid
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
MARK S. ZAID, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, DC 20036
(202) 454-2809
(202) 330-5610 fax
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for Esper

---

[1] Although the Defendant has not yet had counsel enter a formal notice of appearance, the undersigned was already contacted by the Department of Justice attorney who has been assigned this case and is providing a copy of this Motion to them.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 1, 2021, a copy of the foregoing Memorandum of Law was served by electronic mail to:

>Johnny Walker
>Trial Attorney
>Federal Programs Branch
>U.S. Department of Justice, Civil Division
>Johnny.H.Walker@usdoj.gov


>_____/s/_____
>Mark S. Zaid, Esq.