UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK T. ESPER,<br>    *Plaintiff*,<br>  v.<br>U.S. DEPARTMENT OF DEFENSE,<br>    *Defendant*. | Civil Action No. 21-3119 (TFH) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE**

  Plaintiff, former Secretary of Defense Mark T. Esper, filed this action on November 28, 2021, challenging the Department of Defense's prepublication review of his forthcoming memoir. He now moves to expedite the proceedings in some unspecified way. ECF No. 6. The motion should be denied for several reasons. For one, it is premature. Plaintiff filed it without first conferring with counsel for Defendant as required by Local Civil Rule 7(m). After receiving the motion, counsel for Defendant contacted counsel for Plaintiff, and the parties are now engaged in discussions about how to proceed with the case in a way that best serves all interests, including planning for an initial meeting between Plaintiff and individuals responsible for the disputed classification decisions during which the parties may discuss and attempt to resolve or narrow their differences. These ongoing planning discussions should conclude before any remaining scheduling dispute—assuming there is one—is presented to the Court.

  On the question of expedition, Plaintiff is wrong that First Amendment cases categorically must depart from the Federal Rules of Civil Procedure. Though Plaintiff's First Amendment rights are certainly important, he must demonstrate good cause for expediting a case. Yet Plaintiff does not even attempt to show any exigent circumstances here. Further, permitting the case to proceed in the normal course will afford the parties an opportunity to discuss the possibility of an

expeditious out-of-court resolution, or at least a narrowing of any issues that remain in dispute. And, should further proceedings be necessary, no grounds have been presented to modify the time permitted the Government under the Federal Rules of Civil Procedure to respond to the complaint, or the time necessary to thoroughly brief any remaining classification and national security issues raised by Plaintiff's complaint. Indeed, the complaint alleges that Plaintiff's book is not scheduled to be published until May 2022, Compl. ¶ 6, allowing some time to seek resolution of the case. And in the event that briefing is necessary, the parties should confer in an effort to narrow the issues in dispute and then attempt to agree on a mutually beneficial schedule.

## BACKGROUND

Plaintiff served as Secretary of Defense from July 2019 to November 2020. Compl. ¶ 1, ECF No. 1. According to the allegations in the complaint (which Defendant accepts as true for purposes of this motion only), in May 2021, Plaintiff submitted a draft manuscript to be reviewed by the Office of Prepublication and Security Review (OPSR) at the Department of Defense. *Id.* ¶ 5. The manuscript is a memoir of Plaintiff's tenure as Secretary, which he intends to publish in May 2022 under the title *A Sacred Oath*. *Id.* ¶¶ 5–6. Pursuant to nondisclosure agreements that Plaintiff entered into during his employment with the government, he was required to submit this manuscript to the Department prior to publishing it so that the Department may ensure that it does not contain classified information. *Id.* ¶ 3.

On October 7, 2021, OPSR informed Plaintiff that his manuscript had been "cleared as amended," which required the removal of certain information that the Department deemed classified. Compl. ¶ 8. After a series of discussions between Plaintiff and the Department, on November 12, 2021, OPSR informed Plaintiff that his manuscript had been reviewed again and had been "cleared as amended," with fewer required redactions. *Id.* ¶ 11.

Believing the Department to be mandating the redaction of unclassified text that "is crucial to telling important stories," Plaintiff filed this action on November 28, 2021. Compl. ¶ 13. He seeks an injunction restraining the Department from preventing the publication of his book, a declaratory judgment that the Department is violating his First Amendment rights and has unreasonably delayed agency action, and permission for his legal counsel to access classified information. *Id.* at 9–10. Defendant's answer to the complaint is due by February 4, 2022. Three days after filing suit (and before serving process), Plaintiff filed the instant motion to expedite. ECF No. 6. Because the motion is premature and unsupported by any stated cause, Defendant respectfully submits this opposition.

## ARGUMENT

### I. Plaintiff's motion is premature.

Plaintiff's motion to expedite should be denied for several reasons. For starters, he made the motion almost immediately after filing (but before serving) his complaint and without first even attempting to confer with counsel for Defendant. Local Civil Rule 7(m), however, imposes a duty on counsel to discuss nondispositive motions with opposing counsel "in a good faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." LCvR 7(m). Such discussions are especially crucial when it comes to such routine matters as scheduling. It would ill serve the interest of judicial efficiency to involve the Court in every scheduling question issue without the parties first fully discussing the issue themselves. *See United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 202 F. Supp. 3d 1, 6–7 (D.D.C. 2016) (noting that Local Rule 7(m) "serves the crucial function of preventing the unnecessary expenditure of the Court's time and resources on adjudicating a dispute that the parties could have resolved themselves").

Yet, rather than confer with counsel for Defendant, whom Plaintiff acknowledges he was in contact with, ECF No. 6 at 3 n.1, Plaintiff instead filed the instant motion seeking to discuss an expedited schedule for the first time at a status conference before the Court. ECF No. 6-2. That is not the appropriate way to seek relief by nondispositive motion or to set a schedule, and Plaintiff's failure to confer alone is sufficient grounds to deny his motion. *See Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) ("If a party files a nondispositive motion without certifying its compliance with Rule 7(m), the motion will be denied."); *see also Mwabira-Simera v. Howard Univ.*, Civ. A. No. 05-0441, 2007 WL 9813015, at *3 (D.D.C. Feb. 21, 2007) (denying motion to expedite for failure to confer pursuant to Local Civil Rule 7(m)). Indeed, this is not the first time that Plaintiff's counsel has filed a motion to expedite in a prepublication review case without first conferring with opposing counsel. His earlier attempt to do so was rejected, and this attempt should meet the same result. *See* Min. Order, *Shaffer v. Def. Intel. Agency*, Civ. A. No. 10-2119 (D.D.C. Jan. 19, 2011) (denying for failure to confer a motion to expedite filed by this Plaintiff's counsel in another prepublication review case).

The day before Defendant's response to Plaintiff's motion was due, Plaintiff filed what he styles as an "errata," in which he acknowledges that his counsel failed to engage in a pre-motion conference with counsel for Defendant but states that he learned after filing the motion that Defendant would oppose it. ECF No. 9 at 1. This does not undo Plaintiff's failure to comply with Local Rule 7(m). The rule specifically requires that the conference occur "[b]efore filing any nondispositive motion." LCvR 7(m). It does not permit a party to file a nondispositive motion without conferring and then inquire after the fact whether the opposing party opposes it. Such a backwards approach fails to fulfill a key purpose of the local rule, which is to allow the parties the opportunity to engage in a good faith effort to "narrow the areas of disagreement" for presentation

4

to the Court. *Id.* Indeed, the parties are currently in the course of doing exactly that, which process began only after Plaintiff filed his premature motion. Following those discussions, should any disagreement remain, it may be presented to the Court in the appropriate posture.

## II. Plaintiff has not shown good cause to deviate from the federal and local rules.

Plaintiff's motion also lacks merit. Contrary to Plaintiff's assertion, there is no general rule that cases "involving First Amendment interests"—important as they are—always deviate from the timing provisions of the Federal Rules of Civil Procedure. ECF No. 6-1 at 1. To be sure, the Supreme Court has held that First Amendment litigants should not face "undue delay" in obtaining a judicial decision. *City of Littleton v. Z.J. Gifts D-4, LLC*, 541 U.S. 774, 781 (2004) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 228 (1990)). But Plaintiff makes no effort to show that the applicable rules would cause result in undue delay here. Because he has not even attempted to make such a showing, his motion should be denied. *See G.Y.J.P. ex rel. M.R.P.S. v. Wolf*, Civ. A. No. 20-1511, 2020 WL 4192490, at *2 (D.D.C. July 21, 2020) (denying motion to expedite where plaintiff did "not explain why an expedited summary judgment schedule is necessary for her case now").

Nor does Plaintiff cite any authority supporting the notion that the Federal Rules are categorically not up to the task of affording an appropriately prompt resolution of First Amendment claims. Instead, many of the cases Plaintiff cites do not apply to the situation at hand. For example, in *Action for Children's Television v. FCC*, the issue was not the pace of judicial proceedings, but whether the FCC had implemented a system of "prior administrative restraint" through an exhaustion requirement that allegedly lacked appropriate procedural safeguards, which the Court concluded it had not. 59 F.3d 1249, 1261 (D.C. Cir. 1995). In fact, the court there noted that some delays in securing administrative and judicial determinations of First Amendment rights "simply

5

does not establish a violation of the Constitution." *Id.* at 1260. The court also, however, suggested certain practical means of advancing the administrative process and getting First Amendment disputes into court quicker. It was in this context that the court used the phrase "prompt judicial review" as quoted in Plaintiff's motion. Thus, the phrase was deployed to describe a process for the prompt initiation of judicial proceedings, not to indicate that federal judicial proceedings themselves should be hastened in every First Amendment case. Other cases cited by Plaintiff similarly concern when or if judicial proceedings may be instituted, not the pace of judicial proceedings themselves. *See Nat'l Student Ass'n v. Hershey*, 412 F.2d 1103, 1112 (D.C. Cir. 1969) (analyzing whether a chilling effect on speech constitutes injury in fact).

Other cases cited by Plaintiff support Defendant's position that First Amendment cases should be expedited only where circumstances warrant it. *See Bernard v. Gulf Oil Co.*, 619 F.2d 459, 470 (5th Cir. 1980) (describing prejudice suffered when a district judge issued an order prohibiting potential class members from communicating with class counsel during the pendency of a conciliation offer). And two appellate decisions cited by Plaintiff simply note that they had been heard on an expedited basis without providing detailed reasons why. *See Collin v. Smith*, 578 F.2d 1197 (7th Cir. 1978) (addressing dissenting judge's assertion that the case had been unduly rushed); *Potwora v. Dillon*, 386 F.2d 74, 76 (2d Cir. 1967) (noting without analysis that plaintiffs had shown that a district court order "deprived them of important First Amendment rights" warranting an expedited appeal). Another decision cited by Plaintiff involved the D.C. Circuit concluding that a trial judge had not abused his discretion in entering a preliminary injunction prohibiting the Government from interfering with or restricting the size of a planned demonstration in front of the White House. *Quaker Action Grp. v. Hickel*, 421 F.2d 1111, 1113 (D.C. Cir. 1969).

6

Plaintiff, however, has not sought a preliminary injunction in this case and has not articulated any irreparable harm from proceeding under the rules.

To be clear, the Government recognizes the importance of Plaintiff's speech rights and does not intend to inject any needless delay into these proceedings. It is imperative, however, that any schedule both allow for a prompt resolution while also facilitating other important judicial and governmental interests. For one thing, the parties should have the opportunity to further discuss the substance of Plaintiff's dispute and attempt to resolve some or all aspects of that dispute out of court. And, of particular importance, the Government has "a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980). Thus, in the event that summary judgment briefing is necessary, the Department of Defense should be afforded an adequate opportunity to prepare and present to the Court ex parte detailed declarations explaining the bases for its classification decisions. *See Stillman v. CIA*, 319 F.3d 546, 548 (D.C. Cir. 2003) (endorsing this process for prepublication review cases). Given that Plaintiff's book is not scheduled for publication until May 2022, there would appear to be time enough to accommodate these interests. In the meantime, because Plaintiff has failed to show what, if any, harm would be caused by following the applicable rules, his motion should be denied. Defendant remains willing to continue its discussions with Plaintiff about an appropriate schedule.

\*   \*   \*

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to expedite should be denied.

Dated: December 15, 2021                    Respectfully submitted,

                                            BRIAN M. BOYTON
                                            Acting Assistant Attorney General

                                            ANTHONY J. COPPOLINO
                                            Deputy Director, Civil Division

                                             /s/ Johnny Walker
                                            JOHNNY H. WALKER (D.C. Bar #991325)
                                            Trial Attorney
                                            U.S. Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street NW, Rm. 12304
                                            Washington, D.C. 20005
                                            Tel.: (202) 514-3183
                                            Email: johnny.h.walker@usdoj.gov

                                            *Attorney for Defendant*