UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK T. ESPER | * |
| Plaintiff, | * |
| v. | *   Civil Action No: 21-3119 (TFH) |
| DEPARTMENT OF DEFENSE | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

### REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE FIRST AMENDMENT PROCEEDINGS

 This is a simple motion to expedite proceedings, and Plaintiff Mark T. Esper ("Secretary Esper"), a former Secretary of Defense, has no desire to complicate it further with lengthy legal arguments regarding what ultimately comes down to this Court's ability to control its own docket. The fact is that courts throughout this country, and at every level, have repeatedly championed the importance and timely protection of First Amendment rights. There should be no debate about that concept, and that is what the numerous cases cited in Secretary Esper's opening brief reflect, regardless of whether the Defendant can distinguish the specific fact pattern that might have led to litigation in a particular decision. Indeed, the relief requested in the Motion, to the contrary of the Defendant's mischaracterization as "unspecified", Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Expedite at 1 (ECF Dkt. 11, filed December 15, 2021)("Govt Opp.") was for this Court to merely schedule a Status Conference so that specific deadlines could be discussed and expeditiously set. See ECF Dkt. 6-1 at 2-3 (filed December 1, 2021) & ECF Dkt. 8 at 2-3 (filed December 14, 2021)("Secretary Esper respectfully requests that this Court schedule a Status Conference at its earliest convenience to discuss proper next steps.").

The Defendant claims it "recognizes the importance of Plaintiff's speech rights and does not intend to inject any needless delay into these proceedings." Gov't Opp. at 7. Secretary Esper appreciates that expression of sentiment but notes the record also reveals to date: (1) Defendant's counsel notified the undersigned of his assignment to the case on November 30, 2021, yet delayed filing a Notice of Appearance until more than two weeks later on December 15, 2021; (2) Secretary Esper filed this lawsuit on Sunday, November 28, 2021 (and docketed on Monday, November 29, 2021), and his Motion to Expedite was filed promptly on Wednesday, December 1, 2021, but the Defendant waited literally until the last possible few hours to exhaust the procedural time period of fourteen days to then timely note its Opposition; and (3) the Defendant saw fit to complain for nearly two pages about a moot procedural deficiency that had been cured (and acknowledged by Defendant of having been) by a corrected filing *before* the Defendant filed its Opposition.[1]

The Defendant, not surprisingly and understandably, has little understanding about the timetable for the publication of a book. For Secretary Esper's book to be "published" on May 22, 2022, i.e., available for purchase by the public, there are required steps that need to be taken months in advance. If one of those steps are missed, it could cause the book to be delayed by months. The timely protection of Secretary Esper's First Amendment rights is, therefore, crucial. For both the Defendant and the Court's information, the publisher has detailed the necessary

---

[1] The undersigned understands the obligation of LCvR 7(m) but it is also a curable defect, as was done here with the filing of an Errata in compliance with the Local Rule. See ECF Dkt. 8 & 9 (filed December 14, 2021). See also Egypt DoD v. Alboghdady, 2021 U.S. Dist. LEXIS 159316, *5 (D.D.C. Aug. 24, 2021)(BAH)(Re-filing Motion in compliance with LCvR 7(m) cures defect). Defendant's citation to the undersigned's decade-old case in Shaffer v. DIA et al. Civil Action No. 10-2119 (D.D.C.)(RMU) is likely unavailing. A similar Motion to Expedite was filed also ex-parte before the Defendant entered an appearance and denied by Minute Order on January 19, 2011, without prejudice. That defect was also cured and the Motion was then substantively addressed.

timetable that is needed to ensure a May 22, 2022, publication date through the declarations of Pamela Barricklow, Executive Managing Editor for William Morrow Books, a division of HarperCollins Publishers LLC, and Susan Kosko, Director of Production, William Morrow Books, at Exhibits "1" and "2", respectively.

With that said, legal counsel for the parties have been in discussions, particularly to set up a meeting between the relevant equity holders of the asserted classified information and Secretary Esper. The undersigned appreciates those efforts and does not wish to minimize their importance. Indeed, literally while this Reply brief was being finalized counsel for the Defendant notified the undersigned that the Department has already reconsidered some of its redactions and cleared all of the formerly withheld material on pages 145 to 146, page 212, and page 149. The parties continue to discuss whether a substantive meeting can occur during the holiday season.

This is all positive news and the steps being taken are favorable but are respectfully not enough. Therefore, particularly given the timetable explained in the attached declarations, Secretary Esper continues to request that his Motion be granted and/or the Court schedule a Status Conference for the week of January 3, 2022, to discuss next steps.

Date: December 21, 2021

                                                Respectfully Submitted,

                                                _____/s/_____
                                                Mark S. Zaid
                                                D.C. Bar #440532
                                                MARK S. ZAID, P.C.
                                                1250 Connecticut Avenue, N.W.
                                                Suite 700
                                                Washington, DC 20036
                                                (202) 454-2809
                                                (202) 330-5610 fax
                                                Mark@MarkZaid.com

                                                Attorney for Plaintiff